UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Blackmon, # 357777, ) | C/A No. 5:14-4541-BHH-KDW |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| South Carolina Dept of Mental Health, Division of ) | |
| Inpatient Services, G. Weber Bryan Psychiatric ) | |
| Hospital Forensic Eval. and Treatment Services; ) | |
| Jeffery Musick, PHD; ) | |
| Mark Domino, PHD; ) | |
| Dawn Whetstone, CISW-CP, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This is a civil action filed pro se by a state prison inmate. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.      Factual and Procedural Background

According to publicly available on-line court records, on November 5, 2013, Andrew Blackmon ("Plaintiff") pleaded guilty to attempted bank robbery in Clarendon County, South Carolina and received a 15-year sentence, which he is currently serving at McCormick Correctional Institution within the South Carolina Department of Corrections prison system. *See* http://publicindex.sccourts.org/Clarendon/PublicIndex/CaseDetails.aspx?County=14&CourtAgency=14001&Casenum=2013A1420100014&CaseType=C (last consulted Jan. 6, 2015); *see In Re Katrina Canal Breaches Consol. Litig.*, 533 F. Supp. 2d 615, 631-33 & nn.14-15 (E.D. La. 2008)

(collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records); *Williams v. Long*, 585 F. Supp. 2d 679, 686-88 & n.4 (D. Md. 2008) (collecting cases indicating that postings on government websites are inherently authentic or self-authenticating). In the Complaint under review, Plaintiff seeks compensatory damages from mental-health professionals who issued pre-trial reports finding that he was legally responsible for his actions at the time of the crime for which he was charged. Compl. 6, ECF No. 1. Plaintiff alleges that Defendants falsified and "did not tell the truth" in their May 2013 report when they said he did not have post-traumatic stress disorder ("PTSD") and bi-polar disorder because he was previously and subsequently diagnosed with both disorders by other professionals. *Id*. at 2-4. Plaintiff asks this court to award him $83,333.00 for each month that he has been incarcerated. *Id*. at 5.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a

potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Plaintiff's Complaint is subject to summary dismissal as to all Defendants based on the United States Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). With respect to actions filed pursuant to 42 U.S.C. § 1983[1] such as the present one alleging constitutional violations and/or other improprieties in connection with state criminal charges, the Court stated:

> We hold that, in order to recover damages [or other relief][2] for allegedly unconstitutional conviction or imprisonment, or for other harm whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by

---

[1] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails. *McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996) (emphasis added). Plaintiff's claims of unconstitutional confinement fall within the coverage of § 1983.

[2] *See Johnson v. Freeburn*, 29 F. Supp.2d 764, 772 (S.D. Mich. 1998) (under *Heck v. Humphrey*, nature of relief sought is not critical question; rather, it is the grounds for relief); *see also Clemente v. Allen*, 120 F.3d 703 (7th Cir. 1997) (injunctive relief sought).

3

> executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87.

By the above statements, the United States Supreme Court ruled that until a criminal conviction is set aside by way of appeal, PCR, habeas, or otherwise, any civil rights action based on the conviction and related matters will be barred. Nothing in Plaintiff's Complaint or elsewhere indicates he has successfully had his 2013 Clarendon County conviction set aside by way of appeal, PCR, habeas corpus, or otherwise. Because Plaintiff's assertions of an allegedly intentionally falsified competency report from state-employed experts, if true, would necessarily invalidate his conviction, he cannot sue any of the Defendants for their involvement in his criminal prosecution and ultimate conviction and sentence.

Furthermore, even if *Heck* did not bar this Complaint against all Defendants, the Complaint would still be subject to summary partial dismissal as to Defendant South Carolina Department of Mental Health, Division of Inpatient Services, G. Weber Bryan Psychiatric Hospital Forensic Eval. and Treatment Services ("SCDMH") because SCDMH is immune from Plaintiff's claims in this case under the Eleventh Amendment to the United States Constitution. The Eleventh Amendment divests this court of jurisdiction to entertain a suit for damages brought against the State of South Carolina or its integral parts. SCDMH, as a South Carolina

state agency, is an integral part of the state and, thus, entitled to Eleventh Amendment immunity in this case. The Eleventh Amendment provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

*See Alden v. Maine*, 527 U.S. 706 (1999); *College Savs. Bank v. Fla. Prepaid Educ. Expense Bd.*, 527 U.S. 666 (1999); *Bellamy v. Borders*, 727 F. Supp. 247, 248-50 (D.S.C. 1989); *Coffin v. S.C. Dep't of Social Servs.*, 562 F. Supp. 579, 583-85 (D.S.C. 1983); *Belcher v. S. C. Bd. of Corrs.*, 460 F. Supp. 805, 808-09 (D.S.C. 1978). Under *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 99 n.9 (1984), a state must expressly consent to suit in a federal district court. The State of South Carolina has not consented to suit in a federal court as indicated in S.C. Code Ann. § 15-78-20(e), which is a part of the South Carolina Tort Claims Act. *See McCall v. Batson*, 329 S.E.2d 741, 743 (S.C. 1985) (abolishing sovereign immunity in tort "does not abolish the immunity which applies to all legislative, judicial and executive bodies and to public officials who are vested with discretionary authority, for actions taken in their official capacities.").

IV.     Recommendation

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

January 9, 2015  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).