IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andrew Blackmon, # 357777,                    ) | Civil Action No.: 5:14-4541-BHH |
| ) | |
| Plaintiff,     ) | |
| ) | **ORDER AND OPINION** |
| vs.                                                                 ) | |
| ) | |
| South Carolina Dept of Mental Health,     ) | |
| Division of Inpatient Services, G. Weber ) | |
| Bryan Psychiatric Hospital Forensic Eval. ) | |
| and Treatment Services; Jeffery Musick,   ) | |
| PHD; Mark Domino, PHD; Dawn               ) | |
| Whetstone, CISW-CP,                              ) | |
| ) | |
| Defendants.     ) | |
| _____ ) | |

The plaintiff, Andrew Blackmon, proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. The plaintiff is seeking to recover against mental health care professionals and experts who issued reports opining that he was legally responsible for his conduct in an attempted bank robbery for which he is now serving a 15-year sentence. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 for the District of South Carolina.

On January 9, 2015, the Magistrate Judge issued a Report and Recommendation recommending that this case be dismissed without prejudice (ECF No. 10) because (1) the plaintiff's claims are barred as to all of the defendants by the rule set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994), and (2) the defendant South Carolina Department of Mental Health, Division of Inpatient Services, G. Weber Bryan Psychiatric Hospital Forensic Eval. and Treatment Services ("SCDMH") is entitled to Eleventh Amendment immunity. The plaintiff filed an objection to the Report (ECF No. 14) on February 2, 2015.

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Report to which specific objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) ( "[*D*]*e novo* review [is] unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation."). The court reviews only for clear error in the absence of a specific objection. Furthermore, in the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

In reviewing these pleadings, the Court is mindful of the plaintiff's *pro se* status. This Court is charged with liberally construing the pleadings of a pro se litigant. *See, e.g.,*

*De'Lonta v. Angelone*, 330 F.3d 630, 633 (4th Cir. 2003).  The requirement of a liberal construction does not mean, however, that the Court can ignore a plaintiff's clear failure to allege facts that set forth a cognizable claim, or that the Court must assume the existence of a genuine issue of material fact where none exists. *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012).

The plaintiff's objection does not point out any specific error in the Magistrate Judge's analysis, but rather asks the Magistrate Judge about the meaning of the following phrase: "Because Plaintiff's assertions of an allegedly intentionally falsified competency report from the state-employed experts, if true, would necessarily invalidate his conviction . . . . What the Magistrate Judge is referencing is the rule set forth in the *Heck* case that a § 1983 plaintiff may not recover damages or other relief from people who are alleged to have caused the plaintiff to be unconstitutionally convicted, unless the conviction is first overturned, expunged, set aside, or called into question by a duly authorized court or executive.  In other words, until and unless the plaintiff in this case is successful in challenging his conviction or sentence through, for example, a direct appeal, a state habeas action, or action under 28 U.S. § 2254, he cannot prevail in a civil lawsuit for damages alleging that he was unconstitutionally convicted.  Having reviewed the Magistrate Judge's Report for clear error, the Court finds none.  The Court agrees with the Magistrate Judge that the plaintiff's claims against the defendants are subject to summary dismissal.  Accordingly, the Report and Recommendation is adopted and incorporated herein by reference and this action is DISMISSED without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

August 27, 2015
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.